ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

MAYA KARWANDE (CABN 295554)
Assistant United States Attorney

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-7200
     FAX: (415) 436-7234
     Maya.Karwande@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23-mj-71934-MAG |
| Plaintiff, | STIPULATION AND AEO PROTECTIVE ORDER |
| v. | |
| JOSE AGUAYO GARCIA, | |
| Defendant. | |

With the agreement of the parties, the Court enters the following Protective Order:

Defendant Jose Aguayo Garcia is charged by Complaint with violating 21 U.S.C. 841(a)(1) – Possession with Intent to Distribute Methamphetamine.

Pursuant to the defendant's requests, the United States has produced and will continue to produce documents and other materials pertaining to the charges in the Complaint to defense counsel pursuant to the Stipulated Protective Order issued by the Court on February 29, 2024 (ECF 21).

The United States has received a request from defense counsel for the production of material related to uncharged relevant conduct. The United States intends to produce material involving an under

1  cover officer ("UC Video/ Audio"). This material is particularly sensitive in that the government

2  believes it poses a risk of harm to certain individuals and could compromise an on-going investigation.

3       Those materials shall be designated and/or labeled as "ATTORNEYS' EYES ONLY

4  MATERIALS." To balance the needs of the defendant to prepare his defense and the need to protect

5  witnesses from potential harm, the parties have agreed that ATTORNEYS' EYES ONLY MATERIALS

6  will be produced only to defense counsel (not to the defendant).

7       If defense counsel disputes the government's designation of specific materials as ATTORNEYS'

8  EYES ONLY MATERIALS, then, after meeting and conferring with the government, the defense

9  counsel or the government may seek Court intervention to resolve the dispute. Pending resolution of the

10  dispute, the disputed materials shall continue to be treated ATTORNEYS' EYES ONLY MATERIALS

11  subject to the terms of this Order.

12       To ensure that ATTORNEYS' EYES ONLY MATERIALS is not subject to unauthorized

13  disclosure or misuse, IT IS HEREBY ORDERED that defense counsel's possession and use of materials

14  designated as ATTORNEYS' EYES ONLY MATERIALS are subject to the following restrictions:

15       1.    Except when actively being examined for the purpose of the preparation of the defense of

16  the defendant in the above-captioned case, all ATTORNEYS' EYES ONLY MATERIALS shall be

17  maintained in a locked, safe, and secure drawer, cabinet, room or safe, or a password-protected or

18  encrypted secure electronic device (e.g., computer, memory stick), which is accessible only to defense

19  counsel and those allowed access to ATTORNEYS' EYES ONLY MATERIALS. The password for the

20  secure electronic device shall not be kept with or be affixed to the electronic device. Signatories to this

21  Order shall not permit any other person to access ATTORNEYS' EYES ONLY MATERIALS except as

22  set forth herein.

23       2.    The following individuals may examine ATTORNEYS' EYES ONLY MATERIALS for

24  the sole purpose of preparing the defense in this case and for no other purpose:

25            a)    counsel for defendant;

26            b)    members of defense counsel's law office who are assisting with the

27                 preparation of the defendant's defense;

28

      c)     paralegals, law clerks, discovery coordinators, investigators and/or experts (including mitigation experts) retained by the defendant or assigned by the Court to assist in the defense of this matter (the individuals in this subsection may obtain copies of ATTORNEYS' EYES ONLY MATERIALS so long as they secure them pursuant to the requirements of this Order); and

      d)     "contracted individuals," who are individuals contracted by the defense to assist in this matter, including paralegals and attorneys.  The parties agree that "contracted individuals" shall be limited to professionals contracted to assist defense counsel in the defense of this matter and shall not include any individual with a prior relationship that does not fall within the parameters of legal representation with any defendant (such as, for example, a social relationship, or a community organizer relationship, as opposed to a relationship based on legal representation).

If defense counsel determines that additional persons require access to ATTORNEYS' EYES ONLY MATERIALS, he or she must first meet and confer with the government.  If the parties agree that the additional person or persons may have access to ATTORNEYS' EYES ONLY MATERIALS, that agreement shall be documented in writing, and defense counsel need not make any further application to the Court.  If the parties cannot agree, defense counsel will make a motion to the Court with sufficient notice for the government to assert its objection.

     3.     A copy of this Attorneys' Eyes Only Protective Order shall be maintained with every copy of ATTORNEYS' EYES ONLY MATERIALS at all times.

     4.     All individuals other than defense counsel who receive access to ATTORNEYS' EYES ONLY MATERIALS shall, prior to receiving access to the materials, sign a copy of this Order acknowledging that:

      a)     they have reviewed this Order;

      b)     they understand its contents;

c)    they agree that they will only access ATTORNEYS' EYES ONLY
MATERIALS for the purposes of preparing a defense for defendant; and

d)    they understand that failure to abide by this Order may result in sanctions
by this Court.

These signed copies shall be maintained by defense counsel.

5.    No person other than those specified in paragraph 2 above shall be allowed to examine or copy ATTORNEYS' EYES ONLY MATERIALS, and the contents/substance of ATTORNEYS' EYES ONLY MATERIALS shall not be shared with any other person without further order of the Court. Examination of ATTORNEYS' EYES ONLY MATERIALS shall be done in a secure environment which will not expose the materials to persons other than those specified in paragraph 6.

6.    ATTORNEYS' EYES ONLY MATERIALS may be duplicated to the extent necessary to prepare the defense of this matter.  Any duplicates will be treated as originals in accordance with this Order.

7.    If a party files a pleading that contains or attaches ATTORNEYS' EYES ONLY MATERIALS  material subject to this Order, the materials and any pleadings or submissions referencing those materials must be filed under seal (accompanied by a request to file under seal) and redacted from the public filing, unless otherwise ordered by the Court.

8.    Upon request of the United States, defense counsel shall return to the United States or destroy materials subject to this Attorneys' Eyes Only Protective Order (including any copies) within 30 days.  If counsel for the defendant returns documents and materials subject to this Order to the United States, the United States shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired.  If the defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Order under the terms of this Order.  After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States may destroy documents and materials subject to this Order.  Notwithstanding the preceding sentences of this paragraph, counsel for the defendant may retain a copy of ATTORNEYS' EYES ONLY MATERIALS provided that counsel continues to abide by all conditions of this Order.  Upon a request by successor counsel, counsel for a

defendant who has retained a copy of ATTORNEYS' EYES ONLY MATERIALS may provide those materials to successor counsel subject to the conditions specified in this Order.

This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.


**IT IS SO STIPULATED.**

ISMAIL J. RAMSEY
United States Attorney


Dated: May 10, 2024

_____/S/_____
MAYA KARWANDE
Assistant United States Attorney


_____/S/_____
ANGELA HANSEN
Counsel for Defendant Jose Aguayo Garcia


**IT IS SO ORDERED.**



Dated: May 10, 2024

_____
HON. DONNA M. RYU
Chief Magistrate Judge

1      **By signing below, I acknowledge that I have been provided and have reviewed a copy of**

2  **this Attorneys' Eyes Only Protective Order and hereby agree to be bound by its terms:**

3

4

| SIGNATURE | DATE |
|-----------|------|
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |